UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Bilian Hadjiev,                                    Case No.:

    Plaintiff,

v.

Frenchman's Creek Beach & Country Club, a
Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Bilian Hadjiev, by and through undersigned counsel, files this Complaint against Defendant, Frenchman's Creek Beach & Country Club, ("Frenchman's Creek Beach & Country Club") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be a resident of Palm Beach County, Florida.

4. At all times material hereto Defendant, Frenchman's Creek Beach & Country Club was, and continues to be a Florida Profit Corporation. Further, at all times material hereto,

1

Defendant, Frenchman's Creek Beach & Country Club was, and continues to be, engaged in business in County, Florida.

5. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

7. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA. Based upon information and belief, the annual gross revenue of Defendant, Frenchman's Creek Beach & Country Club, was in excess of $500,000.00 per annum during the relevant time periods.

9. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

10. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

11. On or about October 2003, Plaintiff Hadjiev was hired by Defendant to work in its Social and Amenities department.

12. At various material times hereto, Plaintiff Hadjiev worked for Defendant in excess of forty (40) hours within a work week.

13. From at least June, 2013 and continuing through the present date, Defendant has

failed to compensate Plaintiff Hadjiev at rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that he worked for Defendant in excess of forty (40) hours per week as required by the FLSA.

14. Documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to him is in the possession and custody and control of Defendant.

15. Defendant has violated Title 29 U.S.C. §207 from at least June, 2013, through the present date, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant has failed to maintain proper time records as mandated by the FLSA.

16. Plaintiff has retained the law firm of Rosenthal, Levy, Simon & Ryles to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

17. Plaintiff re-alleges and reavers paragraphs 1 through 16 of the Complaint as if fully set forth herein.

18.     From at least June, 2013, continuing through the present date, Plaintiff worked and continues to work in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

19.     Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

20.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

21.     Defendant has failed to properly disclose or apprise to Plaintiff of his rights under the FLSA.

22.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

23.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his/her favor against Defendant, Frenchman's Creek Beach & Country Club:

    a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b.  Awarding Plaintiff overtime compensation in the amount due him for time

      worked in excess of forty (40) hours per work week;

    c.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e.    Awarding Plaintiff pre-judgment interest; and

    f.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 12th day of October, 2016.

        Respectfully submitted,

        **Rosenthal, Levy, Simon & Ryles**
        1401 Forum Way, Sixth Floor
        West Palm Beach, FL  33401-2289
        Telephone: (561) 478-2500
        Facsimile: (561) 478-3111
        Email: aaronson@rosenthallevy.com

        _/s/ Alan M. Aronson_
        Alan M. Aronson, Esquire
        Florida Bar No.: 0895997